***E-FILED 2/8/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YOUNG AGAIN PRODUCTS, INC., | NO. 05-mc-80275 RMW (RS) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO QUASH** |
| v. | |
| JOHN ACORD, ET AL., | |
| Defendants. | |

## I.  INTRODUCTION

Defendants and counterclaimants, John Acord, Young Again Nutrition, LLC, and Marcella Ortega (collectively "defendants") move to quash a subpoena issued by plaintiff Young Again Products, Inc. ("plaintiff") to non-party Yahoo!, Inc. arguing that the requested information is proprietary, that the subpoena is overbroad with respect to time, is not limited to "The Marks" in issue, and improperly includes any affiliates of the defendants. The motion was fully briefed and heard by the Court on February 1, 2006. Based on all papers filed to date, as well as on the oral argument of counsel, the Court grants the motion to quash the subpoena for the reasons set forth below.

## II.  BACKGROUND

The parties are currently involved in civil litigation before the U.S. District Court for the

1  District of Maryland, concerning the alleged ownership of several trademarks (hereinafter "The
2  Marks").[1]  Plaintiff alleges that the defendants have used "The Marks" in violation of the Lanham
3  Act, and other related state statutes, through their operation of an Internet retail business known as
4  marcella75.  Although defendants previously offered products under "The Marks" with plaintiff's
5  approval, in July 2003, plaintiff terminated its agreement with defendants to sell plaintiff's products
6  under "The Marks."  Following the termination of their license agreement, litigation ensued and on
7  May 5, 2004, the parties agreed to a permanent injunction enjoining defendants from use of "The
8  Marks," or any other names, terms or marks which so resemble any of "The Marks" as to be likely to
9  cause confusion.

10  On August 24, 2004, in connection with the present litigation between the parties to enforce
11  the terms of the injunction, a protective order was issued providing that any non-public document
12  that is to be produced by the parties or by any third party in this action which the responding party
13  reasonably believes is confidential or contains confidential subject matter, may be designated
14  "Confidential" or "Attorneys' Eyes Only Highly Confidential."  See Freeman Decl., Exh.1.  Based on
15  that protective order, defendants move to quash a subpoena duces tecum for the production of
16  documents issued to Yahoo! by plaintiff, arguing that the subpoena seeks the production of
17  confidential information, in violation of Fed. R. Civ. P. 45(c)(3)(B)(I).  Defendants also contend
18  that: 1) the subpoena is overly broad with respect to the time parameters; 2) the requested
19  information is not limited to "The Marks" in issue; and, 3) the subpoena improperly includes any
20  affiliates of the defendants.  Plaintiff responds that the subpoena complies with the protective order
21  and with the mandates set forth in Fed. R. Civ. P. 45(c)(3)(B)(I).

## III.  STANDARDS

23  Fed. R. Civ. P. 45 governs subpoenas duces tecum for the production of documents with or
24  without the taking of a deposition.  Pursuant to that Rule, the nonparty served with the subpoena

---

[1] Plaintiff alleges ownership of the following trademarks: ARTHRITIS ARSENAL, ARTHRITIS FREE, BETTER CHOLESTEROL, BETTER IMMUNITY, BETTER PROSTATE, FAT ABSORB, GERMAN ZYME, MIRACLE CREAM, THE ESTROGEN ALTERNATIVE, THE OSTEOPOROSIS ANSWER, TOTAL MINERALS, TOTAL VITAMINS, SKINCURE, AND VEIN FREE.

2

duces tecum may make objections to the subpoena within 14 days after service. Fed. R. Civ. Pro. 45(c)(2)(B). "Only the witness can prevent disclosure by objection. The party to whom the subpoenaed records pertain cannot simply object. Rather, a protective order or motion to quash the subpoena is required." McCoy v. Southwest Airlines Company, Inc., 211 F.R.D. 381, 384 (C.D. Cal. 2002). Fed. R. Civ. Pro. 45(c)(3)(A)(iv) provides that a court may quash or modify an issued subpoena if it "subjects a person to undue burden." Non-parties have standing to assert that subpoenas seek non-relevant information. Compaq Computer Corp. v. Packard Bell Elecs., Inc., 163 F.R.D. 329, 335-36 (N.D. Cal. 1995).

## IV.  DISCUSSION

Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The requirement that material sought in discovery be "relevant" should be firmly applied. Herbert v. Lando, 441 U.S. 153, 177 (1979). In its subpoena, plaintiff seeks to obtain purchase orders and related documents concerning all of the products sold by the marcella75 store through Yahoo!. Plaintiff fails, however, to demonstrate how the entirety of the marcella75 records implicate the trademark claims at issue.[2] For example, no declaration or other evidence has been submitted that explains why all marcella75 records are relevant or likely to lead to the discovery of admissible evidence. In fact, defendants state that the marcella75 store sells many products which are completely unrelated to The Marks at issue. While plaintiff may well be able to explain how the universe of marcella75 documents held by Yahoo! are properly subject to production or, alternatively, why a subset of those materials

---

[2] Defendants also argue that the information sought violates Fed. R. Civ. P. 45(c)(3)(B)(I), which provides that the subpoena shall be quashed if it "requires disclosure of a trade secret or other confidential research, development, or commercial information." This argument is unavailing, however, because there is a protective order in place which designates the manner in which confidential information is to be treated. See Hartley Pen Company v. United States District, 287 F.2d 324 (9th Cir. 1961)(court held that there is no definite privilege against the disclosure of trade secrets, but rather, if the information is relevant and necessary to the presentation of the case, it will be required).

3

1  should be produced, they simply have not done so on this record.[3]

2  V.  CONCLUSION

3  For the reasons stated above, the motion to quash the subpoena issued to Yahoo! is granted
4  without prejudice to plaintiff issuing a new subpoena that complies with this order and the
5  mandates of Fed. R. Civ. P. 26 and 45.
6  IT IS SO ORDERED.
7  Dated: 2/8/06

_____
RICHARD SEEBORG
United States Magistrate Judge

---

[3] Defendants also argue that the subpoena is too broad because it is not limited in time and seeks documents pertaining to defendants' affiliates. Based on the Court's ruling, it need not address these arguments, but notes that the time parameters appear reasonably related to plaintiff's damages claim, and that affiliate information may well be relevant in that the injunction applies to both the defendants and their affiliates.

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Kimberly A. Fanady     kafanady@pacbell.net,

D. Lilah McLean     lilahm@prestongates.com

**Dated: 2/8/06**                                                     **Chambers of Judge Richard Seeborg**

                                                                             **By:        /s/ BAK**